The People of the State of Illinois, Defendant in Error, *vs.* E. A. Wirsching, Plaintiff in Error.

*Opinion filed April 23, 1909.*

1. Bucket-shops—*the proof must show that stocks sold were stocks of a corporation.* In a prosecution under section 137 of the Criminal Code for keeping a bucket-shop, where the only evidence relied upon to establish guilt is a sale of shares of stock, the evidence must also show that such stock was stock of a corporation, since the statute is directed against stocks and bonds of corporations, only, and in such a case the court will not take judicial notice of corporate existence.

2. Same—*what will not sustain conviction for keeping bucket-shop.* Proof of a pretended sale of ten shares of stock of "Philadelphia and Reading" will not sustain a conviction for keeping a bucket-shop, where the indictment alleges that the defendant kept a place where pretended sales of stocks and bonds of "certain corporations" were permitted, but there is no proof, by user or otherwise, that "Philadelphia and Reading" is a corporation, except that a witness stated it was a railroad.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

EDWARD H. MORRIS, for plaintiff in error:

A court will not take judicial notice that a railroad is a corporation. *Goodman* v. *People*, 228 Ill. 155.

The opinion of a witness should not be received when the facts upon which such opinion is based can be made intelligible to the jury. *Chicago* v. *McGiven*, 78 Ill. 349.

A witness must testify to facts—not his conclusions. *Abbott* v. *People*, 86 N. Y. 460.

An indictment for keeping a bucket-shop which describes the building in which it is alleged to be kept must be proven as laid. *State* v. *Crogan*, 8 Iowa, 523; *People* v. *Slater*, 5 Hill, 401; *Corn* v. *Butts*, 2 Va. Cas. 18; *Chapman* v. *People*, 39 Mich. 357; *Moore* v. *State*, 12 Ohio St. 387.

WILLIAM H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (B. H. TAYLOR, and EDWARD S. DAY, of counsel,) for the People:

The evidence contains all the essential elements necessary to prove the charge of keeping a bucket-shop. *Stock Exchange* v. *Board of Trade*, 196 Ill. 396; *Soby* v. *People*, 134 id. 66; *Commission Co.* v. *People*, 209 id. 528; Hurd's Stat. 1908, chap. 38, secs. 137*a*, 137*b*.

The question of intention is for the jury, to be determined by all the evidence. *Pope* v. *Hanke*, 155 Ill. 617; *Jamieson* v. *Wallace*, 167 id. 388; *Commission Co.* v. *People*, 209 id. 528; *Soby* v. *People*, 134 id. 66.

Mr. JUSTICE HAND delivered the opinion of the court:

An indictment was returned into the criminal court of Cook county at the May term, 1906, charging E. A. Wirsching with a violation of paragraph 137*a* of the Criminal

Code, (Hurd's Stat. 1908, p. 740,) which reads, in part, as follows: "That it shall be unlawful for any corporation, association, co-partnership or person to keep or cause to be kept within this State any bucket-shop, office, store or other place, wherein is conducted or permitted the pretended buying or selling of the shares of stocks or bonds of any corporation, or petroleum, cotton, grain, provisions or other produce, either on margins or otherwise, without any intention of receiving and paying for the property so bought, or of delivering the property so sold; or wherein is conducted or permitted the pretended buying or selling of such property on margins; or when the party buying any of such property, or offering to buy the same, does not intend actually to receive the same if purchased or to deliver the same if sold; and the keeping of all such places is hereby prohibited."

The indictment contained two counts. The first count, omitting the formal part, charged that said Wirsching, on the fourth day of May, 1906, "unlawfully did then and there keep a certain bucket-shop in the building known and described as No. 196 LaSalle street, in which said bucket-shop was then and there conducted, and permitted the pretended buying and selling of the shares of stocks and bonds of certain corporations, and the pretended buying and selling of petroleum, cotton, grain, provisions and other produce on margins and otherwise, without any intention of receiving and paying for the property so bought or of delivering the property so sold." The second count was the same as the first, except the word "office" was substituted in that count in the place where the words "bucket-shop" appear in the first count. A plea of not guilty was entered, and upon a trial before a jury the defendant was found guilty and a fine of $300 was imposed upon him by the judgment of the trial court, which judgment was affirmed by the Appellate Court for the First District, and a writ of

error has been sued out from this court to review the judg-
ment of the Appellate Court.

It will be observed that the indictment follows the lan-
guage of the statute, and charges that the defendant was
guilty of conducting a bucket-shop, in which was then and
there permitted the "pretended buying and selling of the
shares of stocks and bonds of certain corporations," and
while the indictment charged the defendant with the "pre-
tended buying and selling of petroleum, cotton, grain, provi-
sions and other produce on margins," there was no evidence
to sustain those allegations of the indictment. The case
against the defendant therefore rested solely upon the al-
legation that he kept a place where was permitted the pre-
tended buying and selling of the shares of stocks and bonds
of "certain corporations." The evidence showed but one
sale of stocks by the defendant, viz., ten shares of "Phila-
delphia and Reading," and the "Philadelphia and Reading"
was said by a witness to be a railroad. We think it obvi-
ous, in order to make a case against the defendant under
said statute, it was incumbent upon the State to establish
that the pretended sale of stocks was made and that the
stocks were the stocks of a corporation. The statute does
not prohibit the pretended sale of stocks issued by persons,
partnerships or associations, the only prohibited sale of
stocks being the stocks of a corporation. The indictment
alleged the sale of the stocks of certain corporations, and
as a sale of Philadelphia and Reading stocks was relied up-
on, some proof, either by user or otherwise, of the corpo-
rate existence of said Philadelphia and Reading railroad
should have been made, and for the want of such proof the
conviction of the defendant cannot be sustained. The stat-
ute in question is a criminal statute and is not elastic, but
must be strictly construed, and cannot be held to include
pretended sales of stocks which are not clearly within its
terms. When the corporate existence of a railroad com-
pany is involved in a case like this, the courts will not take

judicial notice of its corporate existence, but its corporate existence must be averred and established by competent proof. *Goodman* v. *People,* 228 Ill. 154.

The judgments of the criminal and Appellate Courts will be reversed and the cause remanded to the criminal court for a new trial.

*Reversed and remanded.*